Brian **BONECK**, Plaintiff–Appellant,

v.

**CITY OF NEW BERLIN,**
Defendant–Appellee.

No. 01–1803.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 24, 2001.

Decided Oct. 30, 2001.

Before WOOD, Jr., COFFEY, and EASTERBROOK, Circuit Judges.

### Order

■ A jury returned a verdict for the defendant in Brian Boneck's action under the Americans with Disabilities Act. On appeal, Boneck's principal contention is that he is entitled to a default judgment in light of spoliation of evidence by Howard Gygax, his former supervisor. A default judgment, a powerful penalty, doubtless would lead employers to do more to induce supervisors to retain documents. But penalties in litigation should be proportional to the wrongs. See *Ball v. Chicago*, 2 F.3d 752 (7th Cir.1993). Spoliation that sabotages a strong case supports default judgment; spoliation that destroys collateral evidence in a weak case does not require the same penalty. The magistrate judge did not abuse her discretion in concluding that the destruction of records in this case was closer to the latter situation than to the former.

■ Boneck went to work for New Berlin in February 1995 as an assistant building inspector. He resigned less than eight months later to take a position in the private sector. In June 1995, mid-way through his employment with the City, Boneck revealed to Howard Gygax, his immediate supervisor, that he has a learning disability. According to Boneck, Gygax responded to this news by harassing Boneck for the next four months, until he left in what he calls a constructive discharge. The City sees matters differently. It concedes that Gygax was a hard person to work for, who regularly used profanity and dressed Boneck down in front of co-workers. Evidence at trial amply supported the City's view. Boneck's co-workers testified that Gygax was profane, loud, and gruff with all subordinates, and that they did not notice any change in Gygax's

treatment of Boneck after Gygax learned of the disability. Boneck contends that the employer should have accommodated his disability by providing a more polite supervisor. Yet Boneck also contends that, despite Gygax's tirades, he performed his job well; this means that he did not require an accommodation. The jury was entitled to be skeptical of a claim that "a nice supervisor" is an accommodation required by the ADA. Boneck's disability did not make him hypersensitive to noise (or criticism), and the ADA is not a code of workplace civility.

So the evidence justified, and perhaps compelled, a verdict for the employer. This necessarily colors Boneck's argument that he should have prevailed despite the weakness of his claim on the merits. Boneck's appellate arguments center on records that Gygax kept about his subordinates. After the case began and Boneck sought to discover their contents, Gygax destroyed these "supervisor files" (as the parties call them). Boneck contends, and we may assume, that the files would have shown that Gygax was building a case for Boneck's discipline or discharge; we may also assume that this case was feeble and that an *actual* discipline or discharge would have amounted to disability discrimination. Finally, we may assume that Gygax destroyed the records to prevent information embarrassing to him from emerging in the litigation—though the destruction likely has cast Gygax in a worse light than the files themselves would have done. Still, Boneck was *not* disciplined or discharged; he quit while in good standing, and he can hardly describe the contents of files that were unknown to him when he left the City's employ as the sort of hostile conditions that make work unbearable (and constitute constructive discharge). Thus Boneck's position boils down to a claim that any destruction of evidence that could be favorable to a plaintiff requires a default judgment. And that

position is untenable. Spoliation of evidence sometimes permits, but rarely if ever requires, such a peremptory remedy. See *Mathis v. John Morden Buick, Inc.,* 136 F.3d 1153 (7th Cir.1998).

Many pages of the briefs on appeal are devoted to the question whether documents in a supervisor's possession are the sort of "personnel or employment records" that under 29 C.F.R. § 1602.31 must be preserved for two years, when the employer maintains intact a formal system of personnel records. This is a bootless exercise, because the EEOC's regulations govern the conduct of employers, not the selection of remedies in litigation. The magistrate judge (handling the case by the parties' consent) did not find that Gygax had acted properly. She concluded, rather, that the remedies Boneck wanted—default judgment or at least an extended review before the jury of Gygax's creation and destruction of the documents—were inappropriate given the nature of Boneck's substantive theories and the marginal relevance of the supervisor files. Boneck wanted to make Gygax's record destruction the main event at trial; the magistrate judge was entitled to keep the jury focused on the ADA claim itself.

Perhaps it would have been sound for the magistrate judge to impose penalties directly on Gygax. But this is not Boneck's theory on appeal; he wants damages from the City of New Berlin, not (say) attorneys' fees from Gygax under Fed.R.Civ.P. 37(a)(4). So while we have nothing good to say about Gygax's conduct, his misbehavior does not justify an award against the employer. Boneck's other arguments have been considered and do not require separate discussion.

AFFIRMED